IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Diane Corbett, | ) | Case No.: 17-16591 |
| | ) | |
| Debtor. | ) | Judge: Jessica Price Smith |
| _____ | ) | _____ |
| | ) | |
| Sheldon Stein, Chapter 7 Bankruptcy | ) | Adversary Proceeding No.: |
| Trustee for the Bankruptcy Estate of Diane | ) | |
| Corbett, | ) | Judge: Jessica Price Smith |
| | ) | |
| Plaintiff, | ) | **Complaint to Avoid And Recover** |
| | ) | **Fraudulent Transfer** |
| v. | ) | |
| | ) | |
| Worden Law Firm, LLC, d/b/a Worden & | ) | |
| Associates, LLC and Victoria Marie | ) | |
| Worden Jensen, | ) | |
| | ) | |
| Defendants. | ) | |

**Preliminary Statement**

1.     Plaintiff Sheldon Stein, ("Stein"),  the duly appointed Chapter 7 Trustee for the

bankruptcy estate of Ms. Diane Corbett, ("the Estate") brings this action to seek monetary

damages, attorney's fees, the Estate's costs in this action and any other relief to which the

Estate may be entitled to compensate the Corbett bankruptcy Estate for fraudulent transfers

in violation of 11 U.S.C. §548.

**Jurisdiction and Venue**

2.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(a) and

1334 and Local General Order Number 2012-7, dated April 4, 2012 and is brought pursuant

to Fed. R. Bankr. Pro. 7001(1).

1

3.      Venue is proper in this court pursuant to 28 U.S.C. §1408(1) and Loc. Bankr. Rule 1071-1.

4.      This proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A), (E), and (H).

5.      To the extent that the claim asserted in this case is later determined not to be a core proceeding, it is directly related to the bankruptcy case referenced above.

6.      Stein consents to the referral of this adversary proceeding to the bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. §158.

## Parties

7.      Stein is the duly appointed, acting and qualified trustee in this case which was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 7, 2017 by Ms. Corbett.

8.      According to filings with the Montana Secretary of State and the Texas Secretary of State, Defendant Worden & Associates, LLC is the assumed name for Worden Law Firm, LLC (hereafter "Worden Law Firm").

9.      The Worden Law Firm is a Montana limited liability company doing business over the Internet and at 15455 Dallas Parkway, Suite 600, Addison, Texas  75001.

10.      Worden Law Firm is licensed as a foreign limited liability company by the State of Texas.

11.      Upon information and belief, Worden Law Firm is a single-member LLC owned and controlled by Defendant Victoria Marie Worden Jensen ("Jensen").

2

12.     Worden Law Firm is not licensed to do business in the State of Ohio and is not currently registered to conduct business as a debt-settlement firm.

13.     Jensen is not licensed to practice law in the State of Ohio.

14.     Upon information and belief, to the extent there are actually attorneys employed by the Worden Law Firm that are licensed in Ohio, none provided any services to Corbett.

15.     Jensen is sued individually and in her capacity as an officer, member or managing member of Worden Law Firm.

16.     Upon information and belief, at all times relevant hereto, Jensen has formulated, directed, controlled, participated in, and had knowledge of the illegal acts and practices of Worden Law Firm.

17.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named in this caption.

18.     Jensen and Worden Law Firm have a unity of interest such that the separate existence of the Worden Law Firm and of Jensen no longer exists and the Worden Law Firm "corporation" is merely the alter ego of Jensen.  Jensen and Worden Law Firm have a unity of interest and effective ownership and control such that there was never a separate corporate existence.  The Defendant Worden Law Firm is merely the alter ego of Jensen and must therefore be disregarded.

19.     Jensen is responsible for the actions of her agents under the doctrine of respondeat superior.

3

20. At all times relevant to this action, the Defendants were engaged in the business of "debt adjusting."

21. During all times relevant to this action, the Defendants regularly engaged in business in Ohio and directed solicitations to residents of Ohio.

22. The Defendants purposefully availed themselves of the Ohio marketplace and secured the benefits of that marketplace.

23. The Defendants' conduct included some or all of the following, among other things:

    a. holding themselves out to the public, including consumers such as Corbett in Ohio, as providing services in the management of debts by effecting the adjustment, compromise, or discharge of any account, note or other indebtedness of their customers;

    b. holding themselves out as an expert in settling unsecured consumer debt for less than what is owed to a creditor;

    c. directing business solicitations into the State of Ohio seeking participation in the Defendants' debt settlement program;

    d. contracting in Ohio with Ohio consumers for various services, including debt settlement or debt adjustment services; and

    e. offering to perform and performing activities for Ohio residents, including debt settlement services.

24. In 2016, Corbett was experiencing financial difficulty, including difficulty in paying her unsecured debts as they became due.

25. Upon information and belief, in 2016, Corbett was insolvent on a book value basis as the fair market value of her debts exceeded the fair market value of her assets.

4

26.     She saw an advertisement on television for debt settlement services placed by the Defendants and called the number listed.

27.     The Defendants' agents or employees made various promises to her about the purported benefits of the services offered by the Worden Law Firm, including that she could save significant money by hiring them to settle her unsecured consumer debt for less than the face value of the debt.

28.     Corbett would not have contracted with the Defendants had it not been for the oral representations made to her by the Defendants' representatives about the services and results the Defendants could achieve for her.

29.     Corbett hired the Defendants by signing a contract on our about October 6, 2016. The contract is attached as Exhibit A to this Complaint.

30.     The Defendants' contract with Corbett illegally seeks to charge a fee of 22% of the face value of any debt included in Corbett's debt settlement program, which results in the Defendants receiving a fee in excess of the maximum amount permitted under Ohio law.

### Payments to Worden

31.     As shown by Corbett's Statement of Financial Affairs, Form B 107, filed and submitted by her as part of her bankruptcy petition, Corbett paid about $1,800.00 to the Defendants and received nothing substantive in exchange, as she had to file for Chapter 7 Bankruptcy.

32.     A true and accurate copy of the relevant portion of Corbett's Statement of Financial Affairs is attached to this Complaint as Exhibit B.

33.     The Defendants made various misrepresentations or non-disclosures in an effort to induce Corbett to enter into the contract, including but not limited to:

5

a. that she could settle her debts for significantly less than the balances owed;

b. that attempting a debt settlement program would be better for her financially than other alternatives, such as bankruptcy; and

c. that she would receive substantial value in return for the money paid.

34. On November 7, 2017, Ms. Corbett filed for Chapter 7 bankruptcy protection. The case was styled *In re Diane Corbett*, Case No.: 17-16591 in the records of this court.

35. On November 7, 2017, Plaintiff Sheldon Stein was appointed as Trustee for Ms. Corbett's bankruptcy case.

**Claim for Relief:  Avoidance & Recovery Pursuant to 11 U.S.C. §548(a)(1)(B)**

36. All prior paragraphs are incorporated by reference into this claim.

37. According to the sworn testimony of Ms. Corbett at her 11 U.S.C. §341 hearing, the information contained in Ms. Corbett's petition and schedules, verified by her as being true and accurate under penalty of perjury, and the documentation submitted after Ms. Corbett's 341 hearing, Ms. Corbett entered into a written contract with the Defendants.

38. A true and accurate copy of the contract is attached to this Complaint as Exhibit A.

39. Under the contract, the Defendants were to provide debt settlement services with respect to certain of Ms. Corbett's unsecured consumer debts so that she would not have to file for bankruptcy.

40. The Defendants received approximately $1,800.00 from Ms. Corbett within the two years prior to the filing of her bankruptcy case for their purported services.

41. Ms. Corbett was insolvent as of the time of the transfer or, alternatively, was rendered insolvent by the transfer of the funds.

42. Despite having paid approximately $1,800.00 to the Defendants for their services, Ms. Corbett had to file for Chapter 7 bankruptcy.

43. A fee of approximately $1,800.00 for the work to be performed by the Defendants is grossly disproportionate to the value of the services to be rendered.

44. Ms. Corbett did not receive a reasonably equivalent value in exchange for the funds received by the Defendants.

45. The transfer was a fraudulent conveyance pursuant to the terms of 11 U.S.C. §548 that may be avoided by Stein with the funds being recovered by Stein for the benefit of the estate pursuant to 11 U.S.C. §550.

46. As a direct result of the transfer being a fraudulent conveyance, Stein is entitled to recovery of the approximately $1,800.00 from the Defendants for the benefit of Ms. Corbett's bankruptcy estate.

47. Stein is also entitled to his attorney's fees and the costs of this action.

### Prayer for Relief

Wherefore, Plaintiff prays for judgment against the Defendants as follows:

1. for judgment for Plaintiff and against Defendants avoiding and setting aside the fraudulent transfer;

2. for judgment in favor of Plaintiff and against the Defendants in the amount of $1,800.00, plus interest, costs, and

3. For any and all other legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Matthew L. Alden
Matthew L. Alden (0065178)

7

Patrick D. Miller (0088408)
Luftman, Heck & Associates LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio 44113-4131
Phone: 216-586-6600
Fax: 216-539-9326
malden@lawlh.com
pmiller@lawlh.com
Counsel for Plaintiff Sheldon Stein, Trustee for
the Bankruptcy Estate of Diane Corbett